# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | |
| **STERLING COBLE JR.** | CASE NUMBER: 1:18-mj-00066 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Count One: On or about December 20, 2017, in Marion County, in the Southern District of Indiana, Sterling Coble Jr. did knowingly and intentionally possess with the intent to distribute 100 grams or more of a mixture or substance containing heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

Count Two: on or about December 20, 2017, in the Southern District of Indiana, Sterling Coble Jr., the defendant herein, did posses a firearm, to wit: a Taurus Ultra-Lite revolver, and/or a US Army Semi Auto 1911 firearm, in furtherance of the drug trafficking offense charged in Count One of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1).

I further state that I am a Special Agent, and that this complaint is based on the following facts: **See attached Affidavit**

Continued on the attached sheet and made a part hereof.

_____
Phillip McCormick, Special Agent, DEA

Sworn to before me, and subscribed in my presence

January 23, 2018                                at    Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge                    _____
**Name and Title of Judicial Officer**                      **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### I. PRELIMINARY MATTERS

**Affiant's Background**

1. Your Affiant, Philip McCormick, is a Special Agent with the United States Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been employed by the DEA since approximately February 2004, and I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana.

2. My official DEA duties include investigating criminal violations of the federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as federal money laundering laws, including, but not limited to, Title 18, United States Code, Sections 1956 and 1957. I have received special training in the enforcement of laws concerning controlled substances and money laundering as found in the United States Code. Some of the specialized training I have received includes, but is not limited to, classroom instruction concerning narcotics smuggling, money laundering investigations and conspiracy and complex investigations. I have been involved in various types of electronic surveillance, including the interception of wire communications, the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, the laundering and concealing of proceeds from drug trafficking and the street gangs who participate in these illegal activities.

3. As a result of these investigative activities, I have conducted and participated in hundreds of investigations with the DEA that have resulted in the seizure of hundreds of kilograms of heroin, cocaine and methamphetamine, as well as thousands of pounds of marijuana. I am familiar with and have participated in all of the normal methods of investigation, including but not limited to visual surveillance, questioning of witnesses, controlled deliveries, undercover buys, execution of search and arrest warrants, management and use of informants, pen registers and Title III investigations.

4. The information set forth in this Affidavit is based upon my participation in this investigation, interviews of witnesses, review of law enforcement reports, discussions with other law enforcement officers, information provided by a confidential informant, review of video recordings and my experience and training. This Affidavit does not set forth each and every fact I have learned during this investigation, but rather is provided solely for the purpose of establishing probable cause in support of the complaint in this matter.

**Purpose of this Affidavit**

5. This Affidavit is submitted in support of a Complaint charging Sterling Coble Jr. with Possession with Intent to Distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i) and Possession of a firearm during and in relation to a drug trafficking charge in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## II. FACTS ESTABLISHING PROBABLE CAUSE

6. In September of 2017, law enforcement agents from the Indianapolis Metropolitan Police Department (IMPD) began investigating the drug dealing activities of Sterling COBLE Jr. (COBLE Jr.). Information obtained during the investigation revealed that COBLE Jr. was dealing in gram to ounce quantities of heroin, in the Indianapolis, Indiana area.

7. Between November 2017 and December 2017, DEA/IMPD utilized an IMPD Confidential Source (CS) to conduct multiple controlled purchases of heroin from COBLE Jr. in Indianapolis, Indiana. Each of these controlled purchases resulted in the seizure of heroin and fentanyl.

8. On December 18, 2017, Officers from I.M.P.D. Southwest Narcotics and D.E.A., received search warrants for COBLE Jr., Sterling Coble Sr. and their residences, located at 11263 Willowmette Lane, and 3627 Nobscot Court, Apartment 1B, Indianapolis, Indiana. On December 20, 2017, prior to the execution of the search warrants, law enforcement agents established surveillance on both residences.

9. On December 20, 2017, at approximately 9:00 AM, IMPD Detective Sydney McDaniel observed COBLE Jr. exit an apartment located at 2928 Steeples Drive, Indianapolis, Indiana and enter a black Chrysler 300 (bearing Indiana license plate #WZF978), with two minor children, and depart the area. At approximately 9:30 AM, Task Force Officer (TFO) Marc Campbell observed COBLE Jr. in the driver's seat of the above-referenced vehicle, parked in front of the apartments located at 2928 Steeples Drive, Indianapolis, Indiana. At approximately 9:45 AM, TFO Campbell observed that the vehicle was unoccupied.

10. At approximately 10:30 AM, TFO Campbell observed COBLE Jr. entering the driver's side door of the black Chrysler. Agents and Officers of the DEA then activated the emergency lights and sirens on their Official Government Vehicle's (OGVs) and surrounded the black Chrysler. Agents and Officers, in fully marked police vests, approached the vehicle and verbally identified themselves as law enforcement while ordering COBLE Jr. to unlock the car door, turn off the engine and place his hands in the air. TFO Campbell observed COBLE Jr. attempting to conceal a plastic bag in his hands by pushing it down beneath the driver side seat.

TFO Campbell gave repeated verbal commands to unlock the car door, turn off the engine and place his hands in the air, with which COBLE Jr. refused to comply. After several minutes of refusing to comply with verbal commands, I used a window punch device in an attempt to obtain entry with through the driver's side window. At this time, COBLE Jr. unlocked the door and was taken into custody. TFO Campbell could see a clear plastic bag containing several smaller baggies with a powdery substance, which was suspected to be heroin, in plain view. The suspected heroin was recovered on scene by law enforcement.

11. TFO Campbell read COBLE Jr. his Miranda rights and COBLE Jr. stated he understood his rights but didn't know why we were there. TFO Campbell asked COBLE Jr. if his kids were still in the apartment and if there were any more narcotics still inside the apartment (2928 Steeples Drive Apartment L, Indianapolis, Indiana). COBLE Jr. stated he wasn't sure. Agents and Officers had previously observed COBLE Jr. with children in the vehicle at the above-referenced apartment, but they were not inside the vehicle at this time. COBLE Jr. would not confirm if the children were still inside the apartment. TFO Campbell asked COBLE Jr. if he would give consent to search the apartment and COBLE Jr. agreed, provided that law enforcement would take him upstairs to call his girlfriend, the renter of the apartment (Jasmine Jones). At this time, Agents and Officers conducted a protective sweep of the apartment and discovered the apartment was unoccupied.

12. COBLE Jr. was taken inside of the apartment and requested that TFO Campbell call Jasmine Jones (Jones) on her cell phone at (317) 658-6153. TFO Campbell placed a call from COBLE Jr.'s cell phone to Jones and confirmed that he was talking with Jones. At this time, TFO Campbell placed the phone on speaker and COBLE explained to Jones that the police were at the apartment and they wanted to search the apartment for drugs or guns. TFO Campbell

identified himself to Jones and explained to her that COBLE Jr. had given consent to search the apartment and TFO Campbell asked if Jones would also consent to a search. Jones stated that she did not have anything to hide in the apartment and the police were free to search. Jones stated that she was out of town on business and COBLE Jr. was supposed to be watching their kids.

13.   At this time, Agents and Officers conducted a search of the apartment. During the search, IMPD Interdiction Officer Joseph Kraeszig utilized his K-9, "Katie", who indicated for the presence of narcotics on the dresser in the master bedroom, and also on five plastic grocery bags on the floor of the master bedroom. I conducted a further search of the five plastic grocery bags, which revealed a large amount of U.S. currency. I also searched the dresser and discovered a large amount of U.S. currency hidden inside several pairs of socks (later determined to be $33,919.00). SA Kevin Steele took pictures of this evidence as it appeared before the search.

14.   TFO Campbell explained to COBLE Jr. that the DEA had search warrants for 3627 Nobscot Court, Apt. 1B and 11263 Willowmette Lane, Indianapolis, Indiana. TFO Campbell asked COBLE Jr. if any guns, drugs or money were at either of those apartments. COBLE Jr. indicated that there were. COBLE Jr. then stated that his sister had "nothing to do with it". TFO Campbell asked if COBLE Jr. had keys to both of the apartments, and COBLE Jr. confirmed that he did. TFO Campbell asked if COBLE Jr. would prefer law enforcement to use those keys to gain entry. COBLE Jr. responded, "Whatever."

15.   TFO Campbell asked COBLE Jr. whether the phone on his person, which was previously used to contact Jones, belonged to COBLE Jr., and he indicated that it did. TFO Campbell asked COBLE Jr. what number was associated with that phone and he (COBLE Jr.)

answered that the number was (317) 701-8010. TFO Campbell asked COBLE Jr. if he was the only one who had access to that phone, and he responded that he was.

16. TFO Campbell placed another call to Jones, and explained to her that a large sum of money had been located in the bedroom of her apartment. JONES stated that she did not have any money at the apartment and didn't know anything about it.

17. TFO Campbell asked COBLE Jr. where the money came from. COBLE Jr. stated it was his, and it came from drug proceeds. COBLE Jr. repeatedly asked TFO Campbell if his dad "gave [him] up". TFO Campbell asked COBLE Jr. if his father was Sterling COBLE Sr., and COBLE Jr. said yes. TFO Campbell asked COBLE Jr. if his dad also used the name "Mike Chapman", and COBLE Jr. again said yes. COBLE Jr. was then transported to the DEA office for processing.

18. At approximately 12:00 PM, Agents and Officers from DEA and IMPD executed the search warrant on 3627 Knobscot Court, Apartment 1B, Indianapolis, Indiana. A search of that location resulted in the seizure of:

    a) A purse inside a basket that contained the following items: a large amount of U.S. Currency ($26,105.00), a Taurus Ultra-Lite revolver bearing serial number J034445, a US Army Semi Automatic 1911 bearing serial number 300038, sandwich bags, a digital scale, and Indiana Identification Card in the name of Sterling Coble (DOB XX/XX/1990), and a box of sandwich bags, 2 of which contained approximately 130 grams of suspected heroin.

    b) 2 bags containing multiple baggies of suspected heroin in the top right drawer of the vanity.

    c) An electric money counter on a shelf in the master closet.

19. At approximately 12:00 PM, Agents and Officers from DEA and IMPD executed the search warrant on 11263 Wilowmette Lane, Indianapolis, Indiana. A search of that location resulted in the seizure of:

    a) Numerous surveillance video cameras, located both outside and inside the apartment, and a video recording device associated with the cameras in a front bedroom.

    b) An electronic digital scale inside a kitchen drawer

    c) A Safety Deposit Key in a front bedroom

    d) Numerous small plastic baggies in a front bedroom

    e) A Taurus 44 caliber pistol, bearing serial number PE402983

    f) A Glock 380 caliber pistol, bearing serial number ABBW520

    g) An AR15 Bushmaster 223 caliber rifle, bearing serial number BK5903362 (which was previously reported stolen)

    h) A Mossberg 22 caliber rifle, bearing serial number EMA3628823

    i) A Springfield 22 caliber rifle, model 715T, bearing serial number C071856

    j) A Stevens 16 Gauge shotgun, model 58, no serial number available

    k) A Wards Western 22 caliber field rifle, bearing serial number 04M390B

    l) A Mossberg 12 gauge shotgun, model 590a1, bearing serial number U975111

    m) A Star 9mm pistol, bearing serial number 1668221

    n)    A Bersa 380 caliber pistol, bearing serial number 454264

    o)    A Fratelli Tanfolio, model Bta90, 9mm pistol, bearing serial number G06339

    p)    A Taurus 357 caliber pistol, bearing serial number TI844577

    q)    A Smith & Wesson 357, bearing serial number DAF184667

    r)    A Springfield 40 caliber pistol, model Xd-match, bearing serial number MG184667

    s)    A Smith & Wesson 40 caliber pistol, model Sd40ve, bearing serial number HEJ5844

    t)    A Taurus 38 caliber pistol, bearing serial number IT52189

20. On January 11, 2018, Forensic Scientist Jessica Bosse, of the Indianapolis-Marion County Forensic Agency, conducted an examination to determine the drug chemistry of the items seized from 3627 Knobscot Court, Apartment 1B, Indianapolis, Indiana. Ms. Bosse determined that the seized narcotics were heroin, and weighed 130.18 grams.

### III.  CONCLUSION

21.  Based upon the information contained in this Affidavit, I respectfully submit that there is probable cause in support of a criminal Complaint charging Sterling COBLE Jr. with Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i) and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

FURTHER AFFIANT SAYETH NOT.

_____
Special Agent Phillip McCormick
Drug Enforcement Administration

Signed and subscribed to before me on this 23rd day of January, 2018.

_____
Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana